STONE & McCARRICK, Inc., v. DUGAN PIANO CO., Limited, et al.

(District Court, E. D. Louisiana. January 21, 1914.)

No. 14,673.

COPYRIGHTS (§ 58*)—TRADE MANUAL—INFRINGEMENT—REPUBLICATION AS ADVERTISEMENT.

Where plaintiff copyrighted a manual of instruction consisting of a system of salesmanship designed to teach piano dealers how to attractively advertise, and containing forms, models, or diagrams of advertisements, the copyright did not prevent a dealer from making a use of the work, which resulted in the publication of a part of the book in the form of an advertisement, nor did such publication constitute an infringement.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 54; Dec. Dig. § 58.*]

In Equity. Suit by Stone & McCarrick, Incorporated, against the Dugan Piano Company, Limited, and others, to restrain the alleged infringement of a copyright. On motion to dismiss. Granted.

Ernest Wilkinson, of Washington, D. C., and A. J. Peters, of New Orleans, La., for complainant.

Frank E. Rainold, Louis G. Teissier, and Robert H. Marr, all of New Orleans, La., for defendants.

FOSTER, District Judge. In this case the complainant alleges that it has published and copyrighted a book entitled "Manual of Instruction in the Use of Stone & McCarrick (Incorporated) System of salesmanship"; that the book was specially intended to be used by its subscribers and licensees for reprinting parts thereof in a series of articles intended for advertising purposes and was printed in such form as to be specially adapted for use as "copy" for advertisements in newspapers, magazines, periodicals, and other literature; that the Dugan Piano Company and its officers named in the bill have infringed the copyright of the said book by publishing in the New Orleans Item substantial parts of the copyrighted work as advertisements of the wares offered for sale by the Dugan Piano Company.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendants move to dismiss the bill on the grounds that advertisements are not copyrightable, and hence advertising copy is not copyrightable, and that the copyright of a text-book or manual of instruction of a useful art, science, or system does not confer upon the proprietor of the copyright the exclusive right to make use of the art, science, or system explained in it.

As to whether advertisements may be copyrighted, there are cases both ways; but conceding, for the sake of argument, that advertisements in the forms copyrighted by the complainant would possess sufficient artistic and literary merit to be the subject of copyright, it seems to me that the second ground of objection is destructive of complainant's case. Complainant has copyrighted a book and not an advertisement. Defendants have published an advertisement and not a book. The book is in the nature of a manual of instruction and is designed to teach piano dealers how to attractively advertise their wares and contains forms, or models, or diagrams of advertisements, just as we may choose to term them. If complainant had published and copyrighted a manual of instruction designed to teach piano makers how to build the instruments, any person would be entitled to follow the instructions and diagrams to construct a piano. I can see no distinction between a system of instruction as to how to make a piano and a system of instruction as to how to draw an advertisement. The copyright of the book did not prevent the general public from making use of the book for the purpose for which it was designed, notwithstanding such use results in the publication of a part of the book in the form of an advertisement. In my opinion the case is on all fours with the decision in Baker v. Selden, 101 U. S. 99, 25 L. Ed. 841.

The motion to dismiss will be sustained.