CARDINAL FILM CORP. v. BECK et al.

(District Court, S. D. New York. March 1, 1918.)

COPYRIGHTS ⚖⇒31—INFRINGEMENT—"PUBLICATION."

Copyright Law March 4, 1909, c. 320, § 62, 35 Stat. 1087 (Comp. St. 1916, § 9583), declaring that the date of publication in the case of a work of which copies are produced for sale or distribution shall be held to be the earliest date when copies of the first authorized edition were placed on sale, was intended merely to fix the date from which the copyright term should begin to run, and not a general definition of what constitutes publication; hence a copyright of a motion picture play is not invalid, because there was no publication before deposit of copies of the play in the office of the librarian of Congress. That deposit constituted sufficient publication to sustain the copyright.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Publication.]

In Equity. Bill by the Cardinal Film Corporation against Fred Beck and others. Decree for complainant.

Nathan Burkan, of New York City, for complainant.

Louis Ogust, of New York City, for defendants.

AUGUSTUS N. HAND, District Judge. If the complainant has a valid copyright of the motion picture play, "Joan the Woman," it has been infringed by the defendants. The defendants, however, argue that the copyright was invalid because there was no publication before the deposit of copies of the motion picture photoplay in the office of the librarian of Congress. This defense has been considered before by Judge Learned Hand in the case of Stern v. Jerome H. Remick (C. C.) 175 Fed. 282, where the court said that no publication was necessary other than the deposit in the Library of Congress. The same view of the law was taken by several of the judges in the case of Jewelers' Mercantile Agency v. Jewelers' Pub. Co., 155 N. Y. 241, 49 N. E. 872, 41 L. R. A. 846, 63 Am. St. Rep. 666, and by the New York Appellate Division for the Second Department in the case of Wright v. Eisle, 86 App. Div. 356, 83 N. Y. Supp. 887. See, also, the opinion of Judge Putnam in the case of Ladd v. Oxnard (C. C.) 75 Fed. at page 730.

Section 62 of the Copyright Law, which provides that the date of publication in the case of a work, of which copies are reproduced for sale or distribution, shall be held to be the earliest date when copies of the first authorized edition were placed on sale, sold or publicly distributed by the proprietor of the copyright, or under his authority, was an enactment to fix the date from which the copyright term should begin to run, and not a general definition of what constituted publication.

The usual decree should be granted for the complainant, upon the settlement of which I will hear counsel as to the amount to be awarded for infringement and counsel fees.

---

⚖⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes