G. RICORDI & CO., Inc., v. COLUMBIA GRAPHOPHONE CO.

(District Court, S. D. New York. March 31, 1919.)

1. COPYRIGHTS ☞34—MECHANICAL REPRODUCTION OF MUSIC—RIGHTS OF CANADIANS TO PROTECTION.

Since Canada does not grant similar rights to citizens of the United States musical compositions of a Canadian are not protected by the provision of the Copyright Act (Comp. St. §§ 9517–9524, 9530–9584), so far as they secure copyrights controlling the parts of instruments serving to reproduce mechanical musical works.

2. COPYRIGHTS ☞21—PERSONS ENTITLED TO PROTECTION—DOMICILE.

A Canadian, residing in New York while a British military officer, could not establish a domicile, so as to be protected under the provisions of the

Copyright Act (Comp. St. §§ 9517–9524, 9530–9584), so far as they secure copyrights controlling the parts of instruments serving to reproduce mechanical musical works.

3. COPYRIGHTS ☞34—ACQUISITION OF RIGHT BY CANADIAN—"MUSICAL COPYRIGHT"—"MUSICAL COMPOSITION"—"MUSICAL WORK."

The terms "musical copyright," "musical composition," and "musical work," as used in the Copyright Act (Comp. St. §§ 9517–9524, 9530–9584), refer to a composition which may be music alone, or words and music; and hence, where a Canadian composes music which cannot be copyrighted in the United States, it adds nothing to his rights that the words published with such music were written by a citizen of the United States.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Musical Composition.]

Suit for injunction by G. Ricordi & Co., Incorporated, against the Columbia Graphophone Company. Motion for preliminary injunction denied.

Nathan Burkan, of New York City, for plaintiff.
W. Laird Goldsborough, of New York City, for defendant.

MAYER, District Judge. The suit is brought under subdivision "e" of section 25 of the Copyright Act (Act March 4, 1909, c. 320, 35 Stat. 1081 [Comp. St. § 9546]), which provides:

"Whenever the owner of a musical copyright has used or permitted the use of the copyrighted work upon the parts of musical instruments serving to reproduce mechanically the musical work, then in case of infringement of such copyright by the unauthorized manufacture, use, or sale of interchangeable parts, such as discs, * * * for use in mechanical music-producing machines adapted to reproduce the copyrighted music, * * * in a civil action, an injunction may be granted upon such terms as the court may impose."

Plaintiff seeks an injunction against defendant, the manufacturer of sound records, restraining it from manufacturing and selling sound records for use upon phonographs adapted to reproduce the musical composition duly copyrighted by plaintiff and entitled "Dear Old Pal of Mine."

According to plaintiff, Lieut. Gitz Rice, in the month of February, 1918, discussed with one Harold Robe the possibilities of a refrain of a song which he had conceived for the purpose of having the same written in the form of a ballad. He played this bit of melody to Robe, who suggested that it would be appropriate for a ballad. Robe wrote the words which now constitute the lyric of "Dear Old Pal of Mine," and prepared a lead sheet of music containing the form of the rhythm for the verse of the song. Robe submitted these words under the title "Dear Old Pal of Mine," with the lead sheet, to Rice. The latter adopted the form of rhythm to Robe's verse; the refrain of the words fitting the melody of the refrain conceived by Rice.

After several days, this song, so originated, was played upon the piano, and the music thereof was taken down in musical notation upon a sheet of paper by one Polla and arranged by him for the piano. This song was thus composed in the month of February, 1918, and the rights to it were duly assigned to the plaintiff. This song was first published in this or in any foreign country by the plaintiff in the usual course of

business on March 8, 1918, and was thereafter duly copyrighted in the name of the plaintiff as proprietor thereof.

Robe is an American citizen, and was such on the 8th day of March, 1918, the date of the first publication of the song. Polla, the arranger of the music, was an American citizen on March 8, 1918. Lieutenant Gitz Rice was born in Canada, and at the outbreak of the war, in August, 1914, enlisted as a private in the First Canadian contingent of the British army. He remained in the service for three years, and secured his commission as first lieutenant in the British army in September, 1916. He was invalided in action and incapacitated for further military duty. He returned from overseas in October, 1917, and was entitled to his discharge from further military service. He came to New York City, and while here was assigned by the British Canadian recruiting mission to render services in the city of New York and elsewhere in the United States to aid in the recruiting of British, Canadians, and Americans. In December, 1918, he was placed upon the reserve list, with the privilege of returning to civil occupation; but he is still a British officer. It is alleged that he has returned to civil occupation, and has remained and taken up his residence in the city of New York, and that he so resided on March 8, 1918, at the time of the first publication of the song, and has continued to reside in New York from that date to the present time.

On September 5, 1918, plaintiff filed a notice of user of such composition for the manufacture of parts of instruments serving to reproduce mechanically such composition, as provided by subdivision "e," § 1, of the Copyright Act (Comp. St. § 9517), which reads:

" * * * That it shall be the duty of the copyright owner, if he uses the musical composition himself for the manufacture of parts of instruments serving to reproduce mechanically the musical work, or licenses others to do so, to file notice thereof, accompanied by a recording fee, in the copyright office, and any failure to file such notice shall be a complete defense to any suit, action, or proceeding for any infringement of such copyright."

On January 31, 1919, defendant wrote plaintiff a letter stating, inter alia:

" * * * We do not concede that the Copyright Act of March 4, 1909, as amended, gives to you the right to control the parts of instruments serving to reproduce mechanically 'Dear Old Pal of Mine,' and we beg to give notice that we shall proceed to manufacture parts of instruments serving to reproduce mechanically 'Dear Old Pal of Mine' without payment of royalty."

Defendant, accordingly, has manufactured a sound record adapted to reproduce upon the phonograph "Dear Old Pal of Mine." This sound record, when played upon a phonograph, reproduces both the words and music of plaintiff's duly copyrighted composition, "Dear Old Pal of Mine." Plaintiff never granted to the defendant any license to reproduce this song upon its sound records, nor did the defendant file a notice of intention to use the work upon sound records, under subdivision "e" of section 25 of the act, which reads:

" * * * That whenever any person, in the absence of a license agreement, intends to use a copyrighted musical composition upon the parts of instruments serving to reproduce mechanically the musical work, relying upon the

compulsory license provision of this act, he shall serve notice of such intention, by registered mail, upon the copyright proprietor at his last address disclosed by the records of the copyright office, sending to the copyright office a duplicate of such notice. * * * "

The contentions of defendant are:

First. Defendant is entitled freely mechanically to reproduce the composition in question, because Rice, the composer of the music of the composition, is and was a Canadian, to whose compositions the provisions of the Copyright Act, so far as they secure copyrights controlling the parts of instruments serving to reproduce mechanically musical works, do not apply, since Canada does not grant similar rights to citizens of the United States.

Second. Defendant is entitled freely mechanically to reproduce the composition in question, because even if the proviso of section 8 of the Copyright Act (Comp. St. § 9524) prevailed over the first proviso of paragraph "e" of section 1 of said act, Rice, the composer of the music of the composition, was not domiciled in the United States at the time of its first publication, within the meaning of paragraph "a" of the proviso of section 8 of the Copyright Act.

Third. Plaintiff is not entitled to exact royalties for the mechanical reproduction of the composition in question because the words were composed by an American citizen. The text of a song, if copyrighted alone, must be copyrighted as a book, and could not be classified as a musical work. The music alone, without the text, would be a musical work. Defendant can mechanically reproduce the text alone, because it is not the text of a drama, or of a dramatic work, within the meaning of subsection "d" of section 1 of the Copyright Act, protecting mechanical reproduction, nor is it a musical composition within the meaning of subdivision "e" of section 1 of the Copyright Act, protecting mechanical reproduction, nor is it a musical composition within the meaning of subsection "e" of section 1 of the Copyright Act, protecting mechanical reproduction. In other words, the portion of the composition which constitutes it a musical work, and would give it protection when mechanically reproduced, if composed by a citizen, is the music.

The facts have been assumed as set forth by plaintiff, because, when so considered, questions of law only are presented, the disposition of which may end the suit.

[1] That defendant is right as to its first contention is too clear to require discussion. Until the Dominion of Canada grants similar rights to our citizens, the protective features of the statute in this respect cannot, under the statute, be extended to her citizens.

[2] That defendant, in any event, is correct as to its second contention, is apparent, because Rice, while a British officer, cannot here establish a domicile as distinguished from physical residence. Carey v. Collier, Fed. Cas. No. 2400; Mitchell v. United States, 21 Wall. 350, 22 L. Ed. 584.

[3] Finally, "musical copyright," "musical composition," and "musical work" obviously refer to a composition which may be music alone, or words and music. Here the music was plainly the composition of Rice. The part which Robe and Polla played was purely incidental.

The music as a product was the product of Rice's brain. What Robe's rights might have been, if the words alone had been reproduced, and whether defendant's contention in that regard is sound, are questions not here for decision. In the published music sheet, the announcement is "Words by Harold Robe" and "Music by Lieutenant Gitz Rice, First Canadian Contingent."

As the musical composition of Rice (without the words) could not have been copyrighted for the reasons stated supra, it adds nothing to the rights of the parties that the words were written by a citizen of the United States, for it is the music which counts in invoking the rights accorded by the statute.

A different question might have been presented, and a different disposition might have followed, if the music had been composed by the American citizen and the words had been written by the Canadian citizen, or if, for instance, an American citizen had set to music some poem, verse, or other literary composition which was in the public domain.

Motion denied.