### JOE MITTENTHAL, Inc., v. IRVING BERLIN, Inc., et al.

(District Court, S. D. New York. March 16, 1923.)

Copyrights ⊙⇒28—Not defeated because copies sent to copyright office before publication.

> Under Copyright Act, § 12 (Comp. St. § 9533), providing that, after copyright has been secured by publication, two complete copies of best edition shall be deposited in, or mailed to, the copyright office, copyright was not defeated because such copies were sent to copyright office before publication.

In Equity. Suit by Joe Mittenthal, Incorporated, against Irving Berlin, Incorporated, and another. On motion to dismiss bill. Motion denied.

The bill set forth the deposit of two copies with the register on July 13, 1922, under section 12 of the Act of 1909 (Comp. St. § 9533), the subsequent publication for sale on July 26, 1922, with the proper notice, under section 9 (section 9530), and the issuance of a certificate of registration under sections 10 and 55 (sections 9531, 9576). The date of the certificate does not appear, but as it contained the date of publication it is to be taken as issued after that time. The only question is whether as copies were deposited before, instead of after, publication, the plaintiff failed to comply with section 12 and no suit lay.

Francis Gilbert, of New York City, for the motion.
Louis D. Frohlich, of New York City, opposed.

LEARNED HAND, District Judge. The question is this: The copies being on deposit with the register after publication, does it make any difference that they were on deposit also for two weeks before? The purpose of the deposit is to secure two copies of "the best edition" for the Library of Congress as a condition upon the right to pro-

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tect the copyright. How is that affected by the fact that the register gets them before the author need give them up? The time was rather of grace to authors who might delay deposit till their best edition was on the market. Thus they need not hold it for a time after the deposit was made. What usually happens is that when a work is printed the publisher wishes to get it to the public as soon as possible. He may safely do so, if he sees to it that two copies go along to Washington with reasonable despatch. Why it should tell against him that he finds it convenient to anticipate that time, I fail to comprehend. The purpose of the section is equally served in either case.

The defendant suggests that the register will be cumbered with publications which may remain unpublished. That must be a slight danger, for a man will seldom deposit copies which he does not publish. But even so, the library is enriched thereby and there need be no confusion, because the register does not issue his certificate till he learns the date of publication. The time of deposit is clearly of secondary importance. Even a failure to deposit promptly does no more under section 13 (Comp. St. § 9534) than subject the owner to a demand, failure to comply with which exposes him to a fine of $100 and the cost of the two copies which he should have furnished. He may mend his case even in the event of long delinquency. Why should he suffer by too great expedition?

The case of No-Leak-O Piston Ring Co. v. Norris, 277 Fed. 951 (C. C. A. 4), is flatly in point. The defendant is wrong in thinking that the court took the delivery of 50 copies to the plaintiff by the printer as a publication, though they were "kept * * * for their own use." It was the general distribution on the 6th and 10th of August which was the date of publication, as indeed section 62 (Comp. St. § 9583) required. Belford v. Scribner, 144 U. S. 488, 505, 12 Sup. Ct. 734, 36 L. Ed. 514, is perhaps not strictly in point. "Within ten days from the publication" does not inevitably mean "after publication," yet it is pretty clear that Congress in fact did mean after publication. The result would have been the same had it read "after but within," for Justice Blatchford only says that the statute "was substantially complied with."

Cardinal Film Co. v. Beck (D. C.) 248 Fed. 368, followed my ruling in Stern v. Remick (C. C.) 175 Fed. 282, and probably cannot be taken as an independent ruling, though Judge Knapp apparently thought so in No-Leak-O Piston Ring Co. v. Norris, supra. Stern v. Remick, supra, was rightly decided because there had been a sale, but I must own that what I said there of publication seems to me now open to doubt. In any case that point is not involved here, because, as I have said, in my judgment the time of deposit in section 12 is permissive, and a deposit before publication is enough. The purpose of the act of 1909 was to open a path for authors beside and not through the quagmire which had been created under the old act. I have no disposition to open another. Of course, the policy of the act must be enforced, but it does not lie in purposeless technicality.

Motion denied.