## LEIBOWITZ v. COLUMBIA GRAPHOPHONE CO. et al.

(District Court, S. D. New York. October 4, 1923.)

Copyrights ⬤⟞21—Domiciled alien can protect unpublished work only in case his sovereign extends reciprocal rights.

> A domiciled alien can protect an unpublished work, under the Copyright Act (Comp. St. §§ 9517–9524, 9530–9584), only in case his sovereign extends reciprocal rights to Americans.

In Equity. Bill for infringement of a musical copyright for mechanical reproduction, by Lax Leibowitz against the Columbia Graphophone Company and Naftule Brandwine. On motion to dismiss. Bill dismissed, with leave to plead over.

Arthur E. Garmaize, of New York City, for the motion.
Max S. Seidler, of New York City, opposed.

LEARNED HAND, District Judge. The subject of the copyright claimed is a musical composition. The plaintiff is now a citizen of the United States, but when he composed the music and took out the copyright was a Rumanian subject domiciled in New York. The copyright was taken out under section 11 of the act (Comp. St. § 9533), for a work "of which copies are not reproduced for sale," and it has never been "published" in that sense. Therefore the plaintiff deposited only one copy with the register. Rumania has given no reciprocal rights to American authors.

The first point raised is that, as the plaintiff was not the subject of a state which gave reciprocal rights, under the proviso of section 1, subd. (e), being Comp. St. § 9517, no copyright for mechanical reproduction could be acquired. The second point is that, if section 8, subd. (a), being Comp. St. § 9524, applies to copyrights for mechanical reproduction, then, as the plaintiff never published the music at all, he was not domiciled in the United States "at the time of publication of his work."

Judge Manton, in Ricordi v. Columbia Graphophone Co. (D. C.) 258 Fed. 72, ruled that section 8(a) applies to copyrights for mechanical reproduction, notwithstanding the proviso of section 1(e). Judge Mayer, on preliminary injunction in the same case (D. C.) 256 Fed. 699, ruled to the contrary, so that on authority the point is open. I do not think that it is necessary for me to express any opinion upon it in disposing of this case.

Assuming that Judge Manton be right in regarding section 8(a) as applying equally to copyrights for mechanical reproduction, still section 8(a) extends the right to such aliens only as are domiciled here when the work is first published. The musical composition at bar has never been published at all; on the contrary, it was copyrighted as an unpublished work under section 11. Literally, at least, the plaintiff does not fall within section 8(a) even if it applies to this kind of copyright at all. I do not feel justified in extending the language "at the time of the first publication." To serve the plaintiff, it must be read

as equivalent to "at the time of acquiring the copyright." Possibly that was the purpose, but the act recognizes expressly in section 11 copyright in an unpublished work, so that the two are not synonymous.

It is always unsafe to attribute a given intent to Congress, yet it may be that, as respects such copyrights, the benefits of the statute were extended to domiciled aliens only on condition of their reproducing copies for sale. Since it is publication which at common law defeats an author's common-law literary rights, it is conceivable that it was thought proper to leave domiciled aliens, who would not publish, to such common-law rights. They are not necessarily without relief, although they cannot proceed under the statute.

The point was not argued at the bar whether this plaintiff has lost his common-law literary rights. Besides, as a cause depending on diverse citizenship, while the necessary diversity appears, there is no allegation of the value of the subject-matter. Therefore that point could not have been pressed under this bill anyway. However, the plaintiff should have leave to amend, if he will. In disposing of this motion I hold only this: That a domiciled alien can protect an unpublished work under the statute only in case his sovereign extends reciprocal rights to Americans.

Bill dismissed, with leave to plead over within 20 days.