### AMERICAN INSTITUTE OF ARCHITECTS v. FENICHEL.

District Court, S. D. New York.

Aug. 9, 1941.

Tanner, Sillcocks & Friend, of New York City (William B. Moore, of New York City, of counsel), for plaintiff.

Hays, Wolf, Schwabacher & Sklar, of New York City, for defendant.

CLANCY, District Judge.

The plaintiff, a New York membership corporation, sues for copyright infringement. It has compiled and published a booklet of forms which it calls the "Standard Documents of the American Institute of Architects." The forms are for agreements setting forth the understanding and the obligations of the owner, contractor, subcontractor and architect in prospective operations. The defendant has made and used six copies of one form and delivered them to the owner and contractors with whom he was dealing. It is said in the plaintiff's motion papers that the defendant does not dispute the validity of the plaintiff's copyright and apparently this is a fact. Notice of the copyright is given on the outside cover of the booklet containing the forms. Both parties move for summary judgment.

In Brightley v. Littleton, C.C., 37 F. 103, the question involved here was propounded by the Judge at the end of his opinion but not answered. The use made by the defendant of the plaintiff's book we think comes under the head of fair use. It is true that the form that he copied was the largest, and we think most architects would deem it the most important, of the forms in the plaintiff's album, but fair use is not determined by quantity alone. When the plaintiff put on the general market a book of forms, he implied the right to their private use. This conclusion follows from the nature of a book of forms. No one reads them as literature; their sole value is in their usability. To constrict the defendant to mere reading of the forms in the bound volume would unjustly enrich the plaintiff whose very publication of a form implies its usability. In Baker v. Selden, 101 U.S. 99, 103, 25 L.Ed. 841, the Court denied to the deviser of a system of bookkeeping, who published a book explaining the system, any exclusive property in the book's contents, saying: "And where the art it teaches cannot be used without employing the methods and diagrams used to illustrate the book, or such as are similar to them, such methods and diagrams are to be considered as necessary incidents to the art, and given therewith to the public; not given for the purpose of publication in other works explanatory of the art, but for the purpose of practical application." See too the argument in Stone & McCarrick v. Dugan Piano Co., D.C., 210 F. 399. The cover of the booklet itself contains this statement: "The Institute's forms, although intended for use in actual practice, should also be regarded as a code of reference representing the judgment of the Institute as to what constitutes good practice and as such they may be drawn upon by architects in improving their own forms." If this is not intended as an outright invitation to use the contents, it is equivocal enough to sustain a claim of an honest understanding that it was such an invitation.

It has been held that the words " 'copy, publish, print, * * * vend'," in the copyright law, 17 U.S.C.A. § 1, "are all clearly intended to be covered by the word 'publish'." Fitch v. Young, D.C., 230 F. 743, 744. Publication means to issue copies to the public. Delivery of the copies here was publication of a kind but we can see in it no derogation of the plaintiff's copyright.

It is unnecessary to define the plaintiff's copyright. It is sufficient for the decision of this case to hold as we do that the defendant's use was not the kind of use intended to be forbidden by the stat-

148

ute and does not constitute an infringement. Judgment is awarded the defendant, dismissing the complaint, with costs. We decline, however, to award the defendant a counsel fee. This suit, in our judgment, was well brought.