184

## SHILKRET v. MUSICRAFT RECORDS, Inc.

District Court, S. D. New York.
Dec. 10, 1941.

Philip Isaacs, of New York City, for plaintiff.

Sabin, Pomerance, Snitow & Puner, of New York City, for defendant.

LEIBELL, District Judge.

Defendant has moved under Rule 12(b), Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c, for an order dismissing the complaint upon the ground that it fails to state a claim upon which relief can be granted.

The action is one for alleged copyright infringement. The complaint alleges that prior to April 18, 1941, the plaintiff composed a new arrangement of "Southern Roses Waltz" by Johann Strauss. It is further alleged that the composition having never been printed or published in this or any foreign country was "deposited in the mail, addressed to the Register of Copyrights, with a claim of copyright and One Dollar in payment of the registration fee. Thereafter certificate No. 256753 under Entry Class E unp. was issued by the Register of Copyrights to the plaintiff, certifying that one complete · manuscript copy of said musical composition had been received by the copyright office on the 18th day of April, 1941, and that registration of the claim to copyright was duly made in the name of Jack Shilkret, the plaintiff." A copy of the certificate of copyright registration as issued by the Register of Copyrights to Jack Shilkret under seal of the Library of Congress is set forth in the complaint.

The complaint also alleges that by virtue of the foregoing all proprietary rights to said composition are vested in the plaintiff, including the right to mechanically reproduce the same. The complaint also states: "Eighth: That the defendant, with full knowledge of the fact that plaintiff was the author and composer of the aforesaid new arrangement of the musical composition entitled Southern Roses Waltz by Johann Strauss, and with full knowledge of the copyright, and with full knowledge of the rights of the plaintiff and without knowledge or consent of the plaintiff, did copy the music of the arrangement of the aforesaid musical composition in the composition entitled Southern Roses Waltz by Johann Strauss, in that the defendant did mechanically reproduce the said musical composition entitled Southern Roses Waltz by Johann Strauss in the form of sound records and did further manufacture, sell and otherwise deal in numerous copies of the said sound recordings in the form of phonograph records and that the said defendant did sell and otherwise deal in numerous copies of said sound recordings in the form of phonograph records."

It is alleged that the conduct of the defendant results in an infringement of plaintiff's copyright and that the defendant is thereby benefiting from plaintiff's "labor and artistic efforts". Plaintiff alleges that unless defendant is restrained such conduct "will utterly destroy the value of plaintiff's copyright".

Section 11 of the Copyright Act, 17 U.S.C.A. § 11, provides as follows: "§ 11. Works not reproduced for sale. Copyright may also be. had of the works of an author, of which copies are not reproduced for sale, by the deposit, with claim of copyright, of one complete copy of such work if it be a lecture or similar production or a dramatic, musical, or dramatico-musical composition; of a title and description, with one print taken from each scene or act, if the work be a motion-picture photoplay; of a photographic print if the work be a photograph; of a title and description, with not less than two prints taken from different sections of a complete motion picture, if the work be a motion picture other than a photoplay; or of a photograph or other identifying reproduction thereof, if it be a work of art or a plastic work or drawing. But the privilege of registration of copyright secured hereunder shall not exempt the copyright proprietor from the deposit of copies, under sections 12 and 13 of this title, where the work is later reproduced in copies for sale. (Mar. 4, 1909, c. 320, § 11, 35 Stat. 1078; Aug. 24, 1912, c. 356, 37 Stat. 488.)"

Defendant contends Section 1(e) in extending copyright protection to mechanical reproductions expressly limits its application to published compositions and no protection whatever is extended to holders of copyrights of unpublished musical works against alleged infringement by mechanical reproduction.

The Act states:

"Section 1. Exclusive rights as to copyrighted works. That any person entitled thereto, upon complying with the provisions of this Act [title], shall have the exclusive right:

"(a) To print, reprint, publish, copy, and vend the copyrighted work; * * *

"(e) To perform the copyrighted work publicly for profit if it be a musical composition and for the purpose of public performance for profit; and for the purposes set forth in subsection (a) hereof, to make any arrangement or setting of it or of the melody, of it in any system of notation or any form of record in which the thought of an author may be recorded and from which it may be read or reproduced: Provided, That the provisions of this Act [title], so far as they secure copyright controlling the parts of instruments serving to reproduce mechanically

the musical work, shall include only compositions published and copyrighted after July 1, 1909 * * *".

Defendant asserts that as plaintiff's work was not "published" and the complaint so alleges, plaintiff cannot invoke the benefits of Section 1, subd. (e), supra. The plaintiff contends that a sufficient publication was had by the depositing of a copy of his arrangement with the copyright office, when the copyright was registered under Section 11.

It is conceded by both plaintiff and defendant that Section 1, subd. (e), supra, was designed to overcome the lack of protection theretofore afforded an author against the mechanical reproduction of a copyrighted musical work, in view of the ruling of the United States Supreme Court in White-Smith Music Pub. Co. v. Apollo, 209 U.S. 1, 28 S.Ct. 319, 52 L.Ed. 655, 14 Ann.Cas. 628, decided February 1908. For that reason, defendant insists that a strict interpretation must be placed upon Section 1, subd. (e). On the other hand, plaintiff argues that the provisions of the Copyright Act should be reasonably construed in order to effectuate the congressional intent of granting a limited monopoly to the creator of a copyrightable work. Washingtonian Pub. Co. v. Pearson, 306 U.S. 30, 59 S.Ct. 397, 83 L. Ed. 470. But the question remains: What was the congressional intent as expressed in Section 1(e)?

The deposit of a copy of plaintiff's musical work with claim of copyright is sufficient for the validity of the copyright under Section 11 of the Act.

In Patterson v. Century Productions, Inc., 2 Cir., 93 F.2d 489, 491, Judge Chase wrote: " * * * the Copyright Act of July 1, 1909 (17 U.S.C.A. §§ 1 and note, 2 et seq.), departed from the previous limitation of a statutory copyright to published works in the manner provided by section 9. * * * No publication was necessary other than the deposit required by the statute as a prerequisite to validity. Cardinal Film Corp. v. Beck et al., D.C., 248 F. 368. * * * So long as it remained unpublished, he was not required to do more to keep his copyright valid for the statutory period. But, if a work so copyrighted is later published, continued validity and the right to maintain a suit for infringement is dependent upon compliance with the statute and rules made under the authority of the statute ap-

plicable to the change in the status of the work which publication makes."

The validity of the copyright obtained under Section 11 is not the issue here. The question is what rights were secured to the author under that valid copyright.

In Leibowitz v. Columbia Graphophone Co. et al., D.C., 298 F. 342, Judge Learned Hand, in discussing the application of Section 8(a) to the rights of a domiciled alien in a musical composition copyrighted under Section 11, said:

"Assuming that Judge Manton [Ricordi & Co. v. Columbia Graphophone Co., D. C., 258 F. 72] be right in regarding section 8(a) as applying equally to copyrights for mechanical reproduction, still section 8(a) extends the right to such aliens only as are domiciled here when the work is first published. The musical composition at bar has never been published at all; on the contrary, it was copyrighted as an unpublished work under section 11. Literally, at least, the plaintiff does not fall within section 8(a) even if it applies to this kind of copyright at all. I do not feel justified in extending the language 'at the time of the first publication.' To serve the plaintiff, it must be read as equivalent to 'at the time of acquiring the copyright.' Possibly that was the purpose, but the act recognizes expressly in section 11 copyright in an unpublished work, so that the two are not synonymous.

"It is always unsafe to attribute a given intent to Congress, yet it may be that, as respects such copyrights, the benefits of the statute were extended to domiciled aliens only on condition of their reproducing copies for sale. Since it is publication which at common law defeats an author's common-law literary rights, it is conceivable that it was thought proper to leave domiciled aliens, who would not publish, to such common-law rights. They are not necessarily without relief, although they cannot proceed under the statute."

What Judge Hand wrote of the domiciled alien "who would not publish" seems to apply equally to the possession of a copyright issued under Section 11.

Amdur, in his work on Copyright Law and Practice, page 326, is inclined to the view that only published compositions are entitled to mechanical reproduction rights under the provisions of the Act.

■ A reading of Section 1 discloses that there are other exclusive rights granted copyright owners which would not be available to an author or composer who held only a copyright issued under Section 11. There is nothing unreasonable, therefore, in so interpreting Section 1(e) as to bar a Section 11 copyright owner from the exclusive rights to the mechanical reproduction of his musical work. In my opinion the deposit of the "one complete copy of such work", referred to in the first sentence of Section 11, is not a sufficient publication to comply with the proviso of Section 1, subd. (e), which limits the copyright in respect to mechanical reproductions to "compositions published and copyrighted after July 1, 1909."

■ To construe the proviso clause of Section 1, subd. (e), to conform to plaintiff's contention would require the elimination of the words "published and" from the wording of the statute and leave only the word "copyrighted". The conjunction used is the word "and", which connects the words "published" and "copyrighted"; it is not the word "or" separating two alternatives. Of course, the proviso indicates clearly that it was not to be retroactive in its effect. It was intended that it "should include only compositions published and copyrighted *after* the act became effective" on July 1, 1909. M. Witmark & Sons v. Standard Music Roll Co., 3 Cir., 221 F. 376, 378. See, also, 18 C. J.S., Copyright and Literary Property, § 118, subd. c But that was not the sole purpose of the proviso, as I read it. It applied prospectively only to such musical compositions as were both published and copyrighted after July 1, 1909. If Congress had intended what plaintiff claims it did intend, the Congress would have used only the word "copyrighted".

If plaintiff wishes to obtain the benefits of Section 1(e), as to mechanical reproduction of his musical work, he should comply with Sections 12 and 13 of the Copyright Act as to the deposit of copies "where the work is later reproduced in copies for sale" and publish the work. (See last sentence of § 11.) Then there would be no doubt about his exclusive right to mechanically reproduce his work, subject to compliance with the other provisions of Section 1(e), assuming, of course, that his work is copyrightable, which is not an issue on this motion.

The motion of the defendant to dismiss the complaint is accordingly granted. Settle order.