## SHILKRET v. MUSICRAFT RECORDS, Inc.

No. 22.

Circuit Court of Appeals, Second Circuit.

Dec. 9, 1942.

930

CHASE, Circuit Judge, dissenting.

———◆———

Philip Isaacs, of New York City (Herbert M. Karp and Leopold V. Eastman, both of New York City, of counsel), for appellant.

Sabin, Pomerance, Snitow & Puner, of New York City (Charles Snitow and Robert Pomerance, both of New York City, of counsel), for appellee.

Hays, St. John, Abramson & Schulman, of New York City (John Schulman, of New York City, of counsel), for Song Writers Protective Ass'n, amicus curiae.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This case presents an interesting question of first impression involving the interpretation of the Copyright Act of 1909. Specifically the issue is whether the owner of a musical composition copyrighted under § 11 of the Act, 17 U.S.C.A. § 11, and not later reproduced in copies for sale, can maintain an action for infringement against one who, without the owner's consent, makes and sells phonographic records for mechanical reproduction of the copyrighted musical composition. This issue was decided adversely to the plaintiff and he has appealed.

■ The Copyright Act of 1909 recognizes a distinction between published and unpublished [1] works of an author. Copyright of the former is obtained under § 9, 17 U.S.C.A. § 9, "by publication thereof with the notice of copyright required by this title." See Washingtonian Pub. Co. v. Pearson, 306 U.S. 30, 59 S.Ct. 397, 83 L.Ed. 470. Copyright of unpublished works, though not described by that term, is dealt with in section 11, 17 U.S.C.A. § 11. So far as now relevant, section 11 reads as follows:

"Copyright may also be had of the works of an author, of which copies are not reproduced for sale, by the deposit, with claim of copyright, of one complete copy of such work if it be a * * * musical * * * composition; * * *. But the privilege of registration of copyright secured hereunder shall not exempt the copyright proprietor from the deposit of copies, under sections 12 and 13 of this title, where the work is later reproduced in copies for sale."

Pursuant to this section the plaintiff secured a copyright on his unpublished new arrangement of a musical composition entitled "Southern Roses Waltz" by Johann Strauss, and received a certificate of registration dated April 18, 1941. His complaint alleged his ownership of the copyright and charged the defendant with infringement thereof by mechanically reproducing the work in the form of phonograph records and selling the records, all without the plaintiff's permission. No question is raised as to the validity of the plaintiff's copyright, but it is contended that the statute confers upon the copyright proprietor of an unpublished musical composition no exclusive right to the mechanical reproduction of it.

■ The exclusive rights which a copyright proprietor possesses are declared in section 1 of the Act, 17 U.S.C.A. § 1, portions of which are printed in the mar-

[1] The Rules and Regulations for the Registration of Claims to Copyright, promulgated pursuant to section 53, 17 U.S.C.A. define unpublished works to be "such as have not at the time of registration been printed or reproduced in copies for sale or been publicly distributed." See Rules 19 and 23, following 17 U.S.C.A. § 53; Patterson v. Century Productions, 2 Cir., 93 F.2d 489, 492.

gin.[2] Prior to enactment of the provisions which appear in section 1(e) the copyright statutes afforded no protection against the unauthorized mechanical reproduction of a copyrighted musical work. White-Smith Music Co. v. Apollo Co., 209 U.S. 1, 28 S. Ct. 319, 52 L.Ed. 655, 14 Ann.Cas. 628. One of the purposes of the Copyright Act of 1909, adopted shortly after that decision was announced, was to grant such protection to musical composers who copyrighted their works under the Act. This clearly appears not only from the provisions of section 1(e) but also from the discussion of that section in House Report No. 2222, 60th Cong. 2nd sess. It is the proviso to that section which has given rise to the present dispute, the plaintiff contending that the terms of the proviso indicate merely that the new legislation was intended not to be retroactive, while the defendant maintains that they restrict the exclusive right of mechanical recording and reproduction to compositions "published and copyrighted" after the Act became effective, namely, July 1, 1909.

 Read literally the quoted phrase does seem to limit the right to compositions which are both published and copyrighted after July 1st. But there are most cogent reasons for rejecting a literal reading. The Act discloses no intention to discriminate against unpublished copyrighted works. In respect to all the rights of a copyright proprietor other than the right of mechanical recording and reproduction, no possible distinction can exist between copyrights secured under section 11 and those secured under section 9. The proviso under discussion, even on a literal reading, does not exclude compositions copyrighted under section 9, since publication is essential to copyrighting under that section. No intelligible reason can be suggested why Congress should wish to forbid mechanical reproducers to infringe copyrighted works which had been published, but allow them to copy

those which had not. One cannot say that merely because an author publishes his work he gives the public some benefit of it and for that reason should be preferred; perfect and indubitable publication can be on so small a scale that the public has even less real access to the published work than it has to the single copy of an unpublished work which is deposited under § 11 in the copyright office and is open to public inspection under § 58, 17 U.S.C.A. § 58. Nor is any reason apparent why the author of an unpublished motion picture film, copyrighted under section 11, should have protection against unauthorized copying of his film, as we held in Patterson v. Century Productions, 2 Cir., 93 F.2d 489, but protection be denied to the composer of an unpublished musical composition copyrighted under the same section.

 By complying with section 11 an author gets the statutory rights specified in section 1 and among them, in the case of a musical composition, the right of mechanical recording and reproduction under clause (e). It is an established rule of statutory construction that a proviso states an exception from the general policy which a law embodies, and should be strictly construed and so interpreted as not to destroy the remedial processes intended to be accomplished by the enactment. Spokane & Inland R. R. v. United States, 241 U.S. 344, 350, 36 S.Ct. 668, 60 L.Ed. 1037; Dollar Savings Bank v. United States, 19 Wall. 227, 336, 22 L.Ed. 80. We are convinced that it was not the purpose of the proviso to effect a discrimination between published and unpublished copyrighted musical compositions. To give it a meaning which necessitates that result makes it repugnant to the main body of section 1(e). The real purpose of the proviso was to confine the right to compositions copyrighted after the effective date of the new Act and to leave mechanical reproducers of music copyrighted under prior statutes free to dispose of

---

[2] Section 1. "Any person entitled thereto, upon complying with the provisions of this title, shall have the exclusive right:

"(a) To print, reprint, publish, copy, and vend the copyrighted work;

\* \* \* \* \* \* \*

"(e) To perform the copyrighted work publicly for profit if it be a musical composition and for the purpose of public performance for profit; and for the purposes set forth in subsection (a) here-

of, to make any arrangement or setting of it or of the melody of it in any system of notation or any form of record in which the thought of an author may be recorded and from which it may be read or reproduced: Provided, That the provisions of this title, so far as they secure copyright controlling the parts of instruments serving to reproduce mechanically the musical work, shall include only compositions published and copyrighted after July 1, 1909, \* \* \*."

their stock of records. This appears clearly from the discussion at the Committee Hearing between Chairman Currier and Mr. Burkan, who represented the Aeolian Company. See Shafter, Musical Copyright, 2d Ed., pp. 330, 331. The language of the proviso suited that purpose in the case of published works but was inept for copyrights of unpublished works. A possible explanation readily suggests itself; section 11 was an anomaly in the law of copyright, and it would be quite natural to forget it and adopt an expression suitable for the normal case to cover all cases. But whatever the explanation for the insertion of the word "published," we must so construe the word as not to defeat the legislative purpose, even though we have to give it a meaning more limited than is ordinarily accorded it. See American Tobacco Co. v. Werckmeister, 207 U.S. 284, 293, 28 S.Ct. 72, 52 L.Ed. 208, 12 Ann.Cas. 595. Pro hac vice we hold that a work copyrighted under section 11 has been "published" within the meaning of section 1(e).

This is not the only instance of a word used loosely in the Act. Section 23, 17 U.S.C.A. § 23, provides that the duration of a copyright secured under the Act shall be twenty-eight years "from the date of first publication." In Marx v. United States, 9 Cir., 96 F.2d 204, it was held that section 23 limited the life of copyrights obtained under section 11. In other words, "date of first publication" was held to refer to the date of deposit under § 11, in the case of works of which copies are not reproduced for sale; and this conclusion—correct in our opinion—was reached notwithstanding that section 62, 17 U.S.C.A. § 62, defined "date of publication," in the case of a published work, to mean the earliest date when copies were placed on sale, sold or publicly distributed. In the Marx case the verbal contradiction was quite as great as in the case at bar. We regard the decision as lending strong support to the conclusion we have reached. For dicta having some general bearing on the subject, see Stern v. Jerome H. Remick & Co., C.C.S.D.N.Y., 175 F. 282, 283; Cardinal Film Corp. v. Beck, D.C.S. D.N.Y., 248 F. 368; Patterson v. Century Productions, 2 Cir., 93 F.2d 489, 491. Compare Joe Mittenthal v. Irving Berlin, D.C.S. D.N.Y., 291 F. 714, 715; Leibowitz v. Columbia Graphophone Co., D.C.S.D.N.Y., 298 F. 342; Amdur, Copyright Law and Practice, 1936 ed. p. 326.

Judgment reversed with costs of appeal to appellant, and cause remanded.

CHASE, Circuit Judge, dissents.