**Lovie AUSTIN, Plaintiff,**

v.

**John STEINER, individually, and John Steiner, doing business as Paramount Records, Defendants.**

No. 59 C 1523.

United States District Court
N. D. Illinois, E. D.

Aug. 27, 1962.

Morton Schaeffer and Schaeffer & Schaeffer, Chicago, Ill., for plaintiff.

Charles H. G. Kimball, Chicago, Ill., for defendants.

WILL, District Judge.

The Court, having examined the pleadings, the affidavits and the exhibits submitted to it, having read and considered the briefs filed by counsel (oral argument having been waived by both parties and not requested by the Court), makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Plaintiff, Lovie Austin, is the composer of the melody of the two songs, "Gallion Stomp" and "Messin' Around". Plaintiff is the author of words to the song "Messin' Around".

2. The songs were copyrighted under the predecessor of Section 12, Title 17, United States Code (copyrights on unpublished works), on June 21, 1928.

3. The copyrights were registered in the name of Chicago Music Publishing Co., Inc. Plaintiff was referred to in the copyrights as the composer and author as found in Finding #1, *supra*.

4. Plaintiff obtained renewal copyrights to the two songs dated June 29, 1955, and therefore the renewals were obtained during the 28th year of the running of the initial copyrights. Plaintiff claimed these renewals as the composer of the two compositions.

5. Defendant obtained renewal copyrights to the two songs dated June 18, 1956, and therefore these renewals were also obtained during the 28th year of the running of the initial copyrights. Defendant claimed these renewals as the assignee of the copyright proprietor.

6. Plaintiff filed her complaint for copyright infringement on September 18, 1959 which date was more than three years after the date of defendant's renewal copyrights.

### Conclusions of Law

1. The applicable statute of limitations is Section 115(b) of Title 17 Unit-

ed States Code, three years after a claim accrues.

2. In an action arising under the copyright statute, federal court jurisdiction is exclusive. Section 1338(a) of Title 28 United States Code.

3. Plaintiff did not compose the songs as an employee for hire. Defendant was not an assignee of a copyright proprietor of compositions composed for hire.

4. Where the copyright proprietor is a corporation, and the composer was not an employee for hire, only the composer is entitled to renew the original copyrights. Section 24 of Title 17 United States Code.

5. The copyright proprietor alone has the right to publish, copy and vend copyrighted compositions. Section 1(a) of Title 17 United States Code.

6. Plaintiff alone, as the composer not as an employee for hire, is entitled to the renewal copyrights here in question.

7. Defendant's mere filing of an application for renewal copyrights to which he was not entitled did not constitute infringement of plaintiff's renewal copyrights.

8. Defendant is not shown to have committed any infringing act during the three years immediately preceding plaintiff's filing of the complaint.

9. The copyright statute of limitations is not tolled merely because an invalid renewal copyright is outstanding.

### Opinion

Plaintiff, the composer of the melody of two songs and the words to one of them, brings this copyright infringement action and seeks money damages plus equitable relief. The two songs, "Gallion Stomp" and "Messin' Around", were copyrighted as unpublished works on June 21, 1928, under the predecessor section to the present Section 12, Title 17 of the United States Code. The copyrights were registered in the name of Chicago Music Publishing Co., Inc., (hereinafter "Chicago Music"), but plaintiff was named in the copyrights as the composer. Claiming as the composer, plaintiff applied for and received renewal copyrights during the 28th year of the running of the initial copyrights. These renewals are dated June 29, 1955. Defendant, claiming as an assignee of the proprietor of compositions made for hire, also applied for and received renewal copyrights to the same songs during the same 28th year. These copyright renewals bear a date of June 18, 1956. This litigation was instituted three years and three months thereafter. No act of infringement is alleged other than defendant's filing, accepting, and retaining these renewal copyrights.

Defendant's answer denies that plaintiff was entitled to renew the copyrights on these songs, denies that the conduct alleged constitutes infringement, and asserts that the applicable statute of limitations has run so as to preclude recovery even if defendant infringed plaintiff's copyrights as alleged.

Federal court jurisdiction over copyright infringement litigation is exclusive. Section 1338(a) of Title 28 United States Code. The applicable statute of limitations in a civil copyright infringement suit is three years after a claim accrues. Section 115(b) of Title 17 United States Code.

Ordinarily, only the proprietor of an initial term copyright is entitled to renew. This includes a corporate proprietor of works written or composed by its employee in the course of his employment. However, only the composer or author may renew copyrights secured by a corporate proprietor as an assignee or licensee of the author or composer. Section 24 of Title 17 United States Code.

If Chicago Music was the proprietor of these copyrights on works made for hire, only Chicago Music or its assignee had the right to renew. If Chicago Music was a mere assignee or licensee of the composer, then only the composer had the right to renew. The only evidence submitted to the Court on the question of how Chicago Music became

the proprietor consists of uncontested affidavits of plaintiff and of Mr. J. Mayo Williams who was the manager of Chicago Music in 1928. Both affidavits support plaintiff's contention that she did not compose these songs as an employee for hire, but rather that she assigned to Chicago Music the right to be the copyright proprietor. The Court so finds as a matter of fact. The necessary conclusion is that plaintiff alone had the right to renew.

■ Plaintiff's allegation that defendant infringed her copyright is based upon her argument that defendant's mere filing for renewal constituted publication of her copyrighted compositions. This defendant denies. The copyright proprietor has the exclusive right to publish, copy and vend his compositions. Section 1(a) of Title 17 United States Code. Involved here is statutory construction of the word "publish" as used in Section 1(a).

Plaintiff cites two cases which hold that deposit with the copyright office of a copy or copies of a copyrighted work constitutes publication within the meaning of the statute. Shilkret v. Musicraft Records, Inc., 2 Cir.1942, 131 F.2d 929, cert. denied, 1943, 319 U.S. 742, 63 S. Ct. 1030, 87 L.Ed. 1699; Marx v. United States, 9 Cir.1938, 96 F.2d 204. Plaintiff concedes that although copies must be deposited at the time of application for an initial term copyright, Sections 12 and 13 of Title 17 United States Code, there is no corresponding depository requirement in order to obtain a renewal under Section 24. However, she argues that a renewal application incorporates by reference the earlier deposited copy or copies, and therefore she says that the renewal application comes sufficiently close to including a deposit of copies that no legal distinction can be drawn thereon. The Court assumes, without deciding, that plaintiff's argument is correct.

The opinions in the cited cases are, however, much narrower than plaintiff suggests. The Shilkret decision holds that the word "published" as used in the

proviso of Section 1(e) includes deposit of a copy of an unpublished work with the copyright office. This result extended statutory copyright protection to unpublished works. The Marx case holds that the word "published" as used in the first clause of Section 24 includes deposit of a copy of an unpublished work with the copyright office. This decision prevented the statutory copyright on unpublished works from having infinite duration. Neither holding is determinative of the present litigation.

Section 10 establishes the means of perfecting a copyright on a published work and Section 13 sets forth the requirement of deposit of two copies as an incident thereto. Davenport Quigley Expedition, Inc. v. Century Publications, Inc., D.C.S.D.N.Y.1937, 18 F.Supp. 974, 977. Section 12 establishes the means of perfecting a copyright on an unpublished work and also recites the necessary depository requirements incidental to such copyright. Heim v. Universal Pictures Co., 2 Cir.1946, 154 F.2d 480, 486. Plaintiff's proposal, that deposit equals publication, would result in Section 12 being rendered nugatory because the deposit required by Section 12 would immediately cause the work to be published and thereby subjected to the additional depository requirements of Section 13. The Court is extremely reluctant to so interpret the statute as to determine that one section thereof is totally devoid of meaning.

■■ Infringement consists of copying or publishing a copyrighted work. Mazer v. Stein, 1954, 347 U.S. 201, 218, 74 S.Ct. 460, 98 L.Ed. 630; American Institute of Architects v. Fenichel, D.C. S.D.N.Y.1941, 41 F.Supp. 146, 147. Defendant is not alleged to have copied plaintiff's compositions. At most he is charged with having represented to the copyright office that he had the right to copy. He did not publish the compositions other than by his incorporation by reference. This is not publication, and therefore this is not infringement. Cf. Associated Press v. International News Service, 2 Cir.1917, 245 F. 244, 251,

aff'd, 1918, 248 U.S. 215, 39 S.Ct. 68, 63 L.Ed. 211.

In addition, even if such filing does constitute infringement, plaintiff must show that her cause of action is not barred by the applicable three year statute of limitations. Section 115(b) of Title 17 United States Code. She admits that she instituted this litigation more than three years after the renewal copyrights were issued to defendant. But she contends that his failure to take affirmative steps to divest himself of the indicia of ownership constitutes a continuing infringement which tolls the statute. However, the only case she cites in support of this position, Harry Alter Co. v. A. E. Borden Co., D.C.D.Mass.1954, 121 F.Supp. 941, involves overt acts by the infringing defendant within the statutory period. Defendant in the case at bar is not charged with any overt acts of infringement during the three years immediately preceding the commencement of the present litigation.

█ If the mere holding of an invalid renewal certificate tolled the statute, plaintiff's cause of action would have an effective life of at least thirty-one years: the twenty-eight year duration of the renewal copyright plus the three year statutory period thereafter. The statute requires no such holding. Therefore the Court concludes that plaintiff's cause of action for infringement, if any, is barred by the statute of limitations.

█ Plaintiff's infringement action having failed, she is not entitled to damages. She is entitled to a permanent injunction against infringement by defendant of her copyrights on these compositions, to receive from defendant any copies of these compositions which came into and are now in his possession by reason of his possessing the invalid renewal copyrights, to receive from defendant all materials in his possession which could be used for printing or stamping copies of these compositions, and to assignment by defendant to plaintiff of the invalid renewal copyrights. The Court concludes that plaintiff is the

prevailing party and therefore defendant must pay costs. Section 116 of Title 17 United States Code. Attorney's fees, awarded only in the Court's discretion, will not be awarded in this case.

An appropriate order will be entered.